891 F.2d 288
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Daniel WHISENANT, Plaintiff-Appellant,
v.
Ozell EPLIN, Magistrate (Cabell County); Chris Chiles,
Assistant Prosecuting Attorney; Keith Newman,
Attorney; Patricia Blankenship; State
of West Virginia,
Defendants-Appellees.
Daniel WHISENANT, Plaintiff-Appellant,
v.
Ottie ADKINS, Sheriff of Cabell County; Preston Clayburn,
Jr., Deputy Sheriff; John Cummings, Prosecuting
Attorney; Patricia Blankenship; State
of West Virginia, Defendants-Appellees.
 Nos. 89-6598, 89-6599.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 31, 1989.
Decided: Nov. 13, 1989.
 
 Daniel Whisenant, Appellant Pro Se.
 Before PHILLIPS, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Daniel Whisenant brought these pro se complaints proceeding in forma pauperis in the district court challenging the validity of his conviction and his treatment by officials of the sheriff's department. The district court dismissed the actions as frivolous pursuant to 28 U.S.C. § 1915(d). We vacate the district court's orders and remand for further proceedings.
 
 
 2
 Whisenant alleged in his first complaint that the state's witness, Patricia Blankenship, conspired with the other defendants to obtain Whisenant's conviction in revenge for past actions. He also alleged that his attorney was appointed less than one hour before his trial for the offense of destruction of property and was allowed to confer with him for only five minutes before the trial. Finally, he alleged that he was not allowed to testify in his own defense and that his attorney refused to file an appeal of his conviction. All of the flaws in his criminal trial were allegedly the result of the conspiracy between Blankenship and the other defendants.
 
 
 3
 In the second action, Whisenant alleged that sheriff's department officials beat him while he was handcuffed and unnecessarily handcuffed his hands behind his back for a long period of time, exacerbating his arthritis, calcium deposits, tendonitis, and carpal tunnel syndrome, and causing him a great deal of pain. He alleged that he was denied medical treatment for 30 hours after the handcuffs were removed, and that he suffered permanent injuries from this conduct.
 
 
 4
 This Court held in Boyce v. Alizaduh, 595 F.2d 948 (4th Cir.1979), that a complaint is not to be dismissed pursuant to § 1915(d) unless the district court finds " 'beyond doubt' and under any 'arguable' construction, 'both in law and fact' of the substance of the plaintiff's claim that he would not be entitled to relief." 595 F.2d at 952. Further, the Supreme Court recently held that a complaint filed in forma pauperis may not be dismissed pursuant to § 1915(d) unless it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 57 U.S.L.W. 4493, 4495 (U.S. May 1, 1989) (No. 87-1882).
 
 
 5
 Whisenant's claims were not all patently frivolous. Although his first complaint sought monetary damages, his claims attacked the validity of his conviction. The district court dismissed the action on the grounds that the abstention doctrine required dismissal. This Court recently held, however, that when state criminal proceedings will not resolve a claim for monetary damages, the action should be stayed on the district court's docket pending conclusion of the state proceedings, including any relevant state collateral attack proceedings. Traverso v. Penn, 874 F.2d 209, 213 (4th Cir.1989); see also Deakins v. Monaghan, 56 U.S.L.W. 4060 (U.S. Jan. 12, 1988) (No. 86-890).
 
 
 6
 In Whisenant's second action, he made claims which could be construed as fourth amendment claims cognizable under 42 U.S.C. § 1983. Graham v. Connor, 57 U.S.L.W. 4513 (U.S. May 15, 1989) (No. 87-6571) (excessive force causing unnecessary injury); Whisenant v. Yuam, 739 F.2d 160 (4th Cir.1984) (deliberate indifference to serious medical needs). Because the facts and law alleged have an arguable basis, the dismissal of these claims is vacated and the claims are remanded for further proceedings.*
 
 
 7
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 We recognize that if Whisenant litigated these claims in state court they would likely be barred by res judicata; however, the materials in the record do not show that a state court resolved any of these claims